# IN THE COURT OF APPEALS OF IOWA

No. 23-0021
Filed December 20, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TORCEL DARICO WALKER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Chad Kepros, Judge.

A criminal defendant attempts to appeal his guilty plea. **APPEAL DISMISSED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Torcel Darico Walker kicked in his girlfriend's door, entered her apartment, grabbed her wrists, and forcibly held her against the wall. The Johnson County Attorney charged him by trial information with burglary in the second degree, a class "C" felony in violation of Iowa Code sections 713.1 and 713.5 (2019), and domestic abuse assault, third or subsequent offense, a class "D" felony in violation of section 708.2A(1) and (4). He eventually pled guilty to burglary in the third degree, a class "D" felony in violation of Iowa Code section 713.6A(1).

More than four months after pleading guilty, Walker filed a motion in arrest of judgment that he concedes was untimely. The district court denied the motion as untimely and meritless, characterizing Walker's testimony as "inconsistent with some of the disputed facts of this case" and his memory as "awfully selective." The court sentenced Walker to prison.

Walker contends he has "good cause" to appeal his guilty plea. *See* Iowa Code § 814.6(1)(a)(3). But his underlying claim is that the district court abused its discretion in denying his motion in arrest of judgment. That claim cannot be pursued through good-cause appeal; it requires an application for discretionary review. *Id.* § 814.6(2)(f); *State v. Scott*, No. 20-1453, 2022 WL 610570, at *3–5 (Iowa Ct. App. Mar. 2, 2022) (contrasting good-cause appeal and discretionary review). Walker did not apply for discretionary review, but he "requests that [his appellate] brief be considered as an Application for Discretionary Review."

Our rules grant us discretion to consider Walker's filed papers as if he sought the correct form of review. Iowa R. App. P. 6.108. Had he filed an application for discretionary review, Walker would have needed to "state with

particularity the grounds upon which discretionary review should be granted." Iowa R. App. P. 6.106(1)(d). An application may be granted if we find a criminal defendant "was not accorded substantial justice." *See State v. Tutson*, No. 21-0990, 2022 WL 1236763, at *2 (Iowa Ct. App. Apr. 27, 2022) (quoting *Scott*, 2022 WL 610570, at *4).

Substantial justice was done here. Failure to timely file a motion in arrest of judgment precludes appellate review. *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). To the extent Walker contends it was his lawyer's fault the motion was untimely, an ineffective-assistance claim must await postconviction relief, as we lack authority to decide it on direct appeal. *See id.* at 153–54; Iowa Code § 814.7. Similarly, Walker complains his plea was unknowing and involuntary, blaming his attorney and an investigator for not admitting medical records into evidence. This claim is another ineffective-assistance allegation we cannot reach. *See Tucker*, 959 N.W.2d at 154. And, although Walker cites his mental health in support of his knowing-and voluntary challenge, he does not claim he was incompetent. *See State v. Cue*, No. 19-2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020) (on competency challenges and good cause).

These claims, to the extent we can consider them on direct appeal with a limited record, do not warrant the extraordinary grant of discretionary review—particularly when postconviction relief appears to be the proper avenue. We exercise our discretion to deny the application for discretionary review and dismiss Walker's attempted appeal. *See State v. Richardson*, No. 22-2041, 2023 WL 7391802, at *1 (Iowa Ct. App. Nov. 8, 2023).

**APPEAL DISMISSED.**